# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION


MAE ELLA JORDAN                                                    PLAINTIFF


v.                           NO. 2:10CV00065 BSM/HDY


HUGHES SCHOOL DISTRICT, and                                      DEFENDANTS
RAY NASSAR, Superintendent of
the Hughes School District


<u>ORDER</u>


Plaintiff Mae Ella Jordan ("Jordan") commenced the proceeding at bar by filing a <u>pro</u> <u>se</u> complaint pursuant to Title VII.  She joined the complaint with a motion for appointment of counsel.  After reviewing the record in accordance with the guidelines set forth in <u>Slaughter v. City of Maplewood</u>, 731 F.2d 587 (8th Cir. 1984), the Court denied her motion.  The Court noted, however, that in the event she filed a second motion for appointment of counsel, she should be prepared to demonstrate that she attempted to retain an attorney to represent her in this proceeding.  The Court noted that Jordan could so demonstrate by submitting letters from at least three different attorneys she attempted, but failed, to retain.

-1-

Jordan has now filed a document that the Clerk of the Court has construed as a response to the order denying Jordan's motion for appointment of counsel. <u>See</u> Document 10.[1] In the response, she maintained that she attempted to retain three different attorneys but each attorney refused to represent her. She supported the response with letters from two of the three attorneys.

The Court has again reviewed the record in accordance with the guidelines set forth in <u>Slaughter v. City of Maplewood</u>, <u>supra</u>.[2] With regard to the condition of Jordan's financial resources, the Court has very little insight into that question. It is true, though, that she was permitted to proceed <u>in forma pauperis</u> in this proceeding.

With regard to Jordan's efforts to secure counsel, she has indeed attempted to retain an attorney to represent her in this proceeding. Her attempts, though, have been unsuccessful.

With regard to the merits of Jordan's claims, the only pleadings germane to that question are her <u>pro se</u> complaint, the attachments accompanying her complaints, and an answer from defendants Hughes School District and Ray Nassar. Those documents establish very little. It is therefore extremely difficult, if not virtually impossible, at this stage of the proceeding to determine whether her claims have merit.

---

[1] United States District Judge Brian S. Miller referred the submission for disposition.

[2] "Three factors are generally considered relevant in evaluating applications for appointment of counsel in Title VII cases: (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim." <u>See</u> <u>Id</u>. at 590.

With respect to other matters, the factual and legal complexity of this proceeding does not appear to be great.  In addition, Jordan is not incarcerated and thus has the ability to investigate the facts.  Last, the Court knows of no reason why she cannot present her claims in an orderly fashion.

On the basis of the foregoing, the Court is not persuaded at this time that counsel should be appointed to represent Jordan in this proceeding.  Her request for counsel contained in her response to the order denying her motion for appointment of counsel is denied.  <u>See</u> Document 10.[3]

IT IS SO ORDERED this ____13____ day of July, 2010.


_____
UNITED STATES MAGISTRATE JUDGE

---

[3]
The denial of her request for counsel does not necessarily preclude any further consideration of her request.  If she chooses to file another motion for counsel, she should be prepared to offer something that would assist the Court in determining whether her claims have merit.  The Court is also alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may justify appointing an attorney.  <u>See</u> <u>Williams v. Carter</u>, 10 F.3d 563 (8th Cir. 1993).