UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MAE ELLA JORDAN                                                                                       PLAINTIFF

v.                                    CASE NO. 2:10cv00065 BSM

HUGHES SCHOOL DISTRICT                                                                   DEFENDANT

## ORDER

This case was filed by Mae Ella Jordan against Ray Nassar as superintendent of the Hughes School District and against the Hughes School District. To the extent that plaintiff alleged claims against Nassar, individually, those claims were dismissed prior to the April 25, 2011, bench trial. After reviewing all of the trial exhibits and hearing plaintiff's and Nassar's testimony, it is hereby found that plaintiff has failed to carry her burden of proof and therefor her claims against defendant are dismissed with prejudice.

I. FINDINGS OF FACT

Plaintiff is a black woman who began volunteering her time with defendant sometime in 2006. In December 2006, plaintiff became a paid substitute teacher for defendant. In that capacity, she served as a supplemental English instructor in defendant's computer laboratory that serves its 7th, 8th and 9th grades. On May 27, 2008, defendant offered, and plaintiff accepted, a contract to serve as one of defendant's instructional assistants.

On February 26, 2009, plaintiff was notified in writing by Nassar that defendant was experiencing declining enrollment and that defendant was overstaffed in her classification. Nassar's letter to plaintiff stated that he was recommending to the Hughes School Board that

it not renew her contract, which means that her services were terminated at the end of her contract. The letter to plaintiff specifically stated that Nassar was recommending that the school board not renew the contracts of NSLA/instructional assistants with one year or less of experience. NSLA is the national school lunch program that provides funding to poor school districts based on the number of students qualifying for free and reduced lunch.

Plaintiff later learned that, although she was being laid off, Carolyn Turner, a white woman who was hired at the same time that plaintiff was hired, was not laid off. Plaintiff also learned that, of the eight employees defendant laid off, seven were black and only one was white. Plaintiff, believing that defendant's decision to renew Turner's contract while failing to renew plaintiff's contract was based on race, filed a charge of discrimination with the Equal Employment Opportunity Commission and subsequently filed this lawsuit.

The key exhibits received into evidence are plaintiff's exhibits 2, 3, and 4. Exhibit 2 is the letter from Nassar to plaintiff notifying her that her contract would not be renewed due to defendant's declining enrollment and because plaintiff's position was overstaffed. It also specifically states that "NSLA/instructional aides with 1 year or less experience" would not be renewed. This is extremely important because the trial testimony showed that Carolyn Turner, the white woman who was offered up as a comparator, was not a "NSLA/instructional aide." Turner was a special education instructional aide. Indeed, while plaintiff was paid out of NSLA funds, which the testimony showed was declining due to declining enrollment, Turner was paid out of special education funds, a totally different source of funds.

Exhibit 3 lists the employees whose contracts were not renewed by defendant. It shows that three cooks were not renewed: one with twelve years experience; one with eleven years experience; and one with nine years experience. One library assistant, who had eleven years experience, was not renewed. Two instructional assistants were not renewed, including plaintiff and one person with less than one year of experience. Two principals were also not renewed: one with 37 years experience and one with 34 years experience. The testimony was that all of the employees appearing on exhibit 3 were black, except the principal having 37 years of experience, who was white.

Exhibit 4 lists all of defendant's classified employees for the 2008-2009 school year. It is important because it provides context to exhibit 3. Indeed, it shows that, although the persons listed in exhibit 3 had varying amounts of experience, they were the most junior people in their departments. For example, during the 2008-2009 school year, defendant employed seven cooks. The three cooks whose contracts were not renewed, as identified in exhibit 3, were the three cooks with the least experience. The library assistant, identified in exhibit 3, who was not renewed was the only library assistant employed during that school year. Defendant employed nine instructional assistants and the two who were not renewed, along with Carolyn Turner, the white comparator, had less experience than those who were not laid off.

## II. LEGAL CONSIDERATIONS

The testimony and exhibits entered into evidence failed to establish a *prima facie* case. Because plaintiff offers indirect evidence in support of her discrimination claims, the

*McDonnell Douglas* three-step burden-shifting analysis is applied to her claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *McDonnell Douglas* test requires plaintiff to establish a *prima facia* case of discrimination. *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008). To meet that burden, she must show that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Id.*

Plaintiff has clearly met the first three prongs of the test because she is a black woman, who was meeting her legitimate job expectations, and her employment was terminated. The real question is whether plaintiff has shown that she and Turner, the white instructional assistant who was not laid off, were similarly situated employees. The Eighth Circuit Court of Appeals

> has two lines of cases on the standard to determine whether employees are similarly situated at the prima facie stage of the *McDonnell Douglas* test. One line sets a low threshold, requiring only that employees are involved in or accused of the same or similar conduct.... The other line more rigorously requires that the employees be similarly situated in all respects.

*Wimbley v. Cashion*, 588 F.3d 959, 962 (internal quotations and citations omitted). In *Wimbley*, the Eighth Circuit affirmed this court's determination that the plaintiff satisfied its *prima facie* case by meeting the low threshold test for showing that plaintiff and the comparator were similarly situated. *Id.*

Even when the low threshold test is applied, it is still clear that plaintiff and Turner are not similarly situated employees. This is true because plaintiff was a normal classroom

instructional assistant and Turner was a special education instructional assistant. The testimony was that Turner's job responsibilities were different than plaintiff's responsibilities. In support of this proposition, Nassar testified that, as a special education assistant, Turner was required to change the diapers of her special education students; something plaintiff was not required to do. Nassar also testified that defendant has a large number of special education students and therefore Turner's services were in greater demand than were plaintiff's. Finally, while plaintiff was paid from funds received from the national school lunch program, which were declining due to declining enrollment, Turner was paid from special education funds. There was no testimony indicating whether the district's special education funding was declining.

In that plaintiff fails to establish a *prima facie* case of discrimination, there is no need to address the remaining *McDonnell Douglas* analysis.

III. CONCLUSION

Although it is clear that Mae Ella Jordan has suffered financial hardship due to the loss of her job with the Hughes School District, neither the facts nor the law support her contention that defendant failed to renew her contract because she is black. Therefore, her Title VII action is hereby dismissed with prejudice.

Accordingly, all of the claims of Mae Ella Jordan are hereby dismissed with prejudice.

IT IS SO ORDERED this 28th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE